Henderson v. Blakesley, 186 Ill. App. 356.

## Abstract of the Decision.

1. BROKERS, § 90*—*when evidence sufficient to sustain a recovery of commissions.* In an action for a commission for selling real estate belonging to defendant, a verdict for plaintiffs and a special finding that plaintiffs were the procuring cause of the sale, *held* sustained by the evidence, it appearing that defendant had listed the premises with plaintiffs to be sold at a certain price and that the defendant had consummated a sale with a purchaser whom the plaintiffs had negotiated with for the purchase of the property.

2. BROKERS, § 48*—*when real estate agents entitled to a commission.* Where real estate agents were the procuring and efficient cause of a sale they are entitled to a commission though the owner completed the negotiations.

3. APPEAL AND ERROR, § 1002*—*when sufficiency of evidence to support verdict not presented for review.* Where the abstract does not show that the bill of exceptions contains a motion for a new trial, it does not show that the sufficiency of the evidence to support the verdict is presented by the record. The clerk's record cannot supply the omission.

## Charles M. Henderson, Appellee, v. Frank Blakesley, Appellant.

### Gen. No. 5,875. (Not to be reported in full.)

Appeal from the County Court of McHenry county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 15, 1914.

## Statement of the Case.

Action by Charles M. Henderson against Frank Blakesley to recover $1.50 per rod for digging a ditch across a portion of defendant's land. The suit was originally commenced before a justice of the peace where plaintiff recovered a judgment, and on appeal to the County Court plaintiff had a verdict and judgment for the same amount. From the latter judgment, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

Bernard Barnard, for appellant.

No appearance for appellee.

Mr. Justice Dibell delivered the opinion of the court.

## Abstract of the Decision.

1. Assumpsit, action of, § 89*—*when recovery for digging ditch sustained by evidence.* In an action to recover charges for digging a ditch across defendant's land, plaintiff claimed that the work was done under an express contract that he was to be paid a certain sum per rod, and defendant claimed that he made no such contract but that he gave plaintiff permission to cross his land with the ditch if a third party, who was benefited by the ditch as an outlet, would pay for it, and that plaintiff said he would charge the work to the third party: *Held* that a verdict for plaintiff was sustained by the evidence.

2. Evidence, § 476*—*number of witnesses as determining weight of evidence.* It is not the law that if the number of witnesses on each side of an issue is equal the evidence is therefore evenly balanced, and that he who has the affirmative of the issue must fail.

3. Appeal and error, § 1009*—*when irregularity in impanelment of jury not presented for review.* Irregularity in the impanelment of the jury is not presented for review where it is not shown in the bill of exceptions and it does not appear that there were any objections to the course pursued.

4. Appeal and error, § 1560*—*when refusal of requested instruction harmless.* Refusal of a requested instruction which was not based upon any proof and was against appellant's interest, *held* harmless.

5. Contracts, § 393*—*when requested instruction properly refused.* In an action to recover charges for digging a ditch, an instruction requested by defendant stated that if the minds of the parties did not come together upon all the terms and conditions of the alleged contract plaintiff could not recover. *Held* that the instruction was too broad as applied to the case, the pleadings being oral and defendant testifying that plaintiff said nothing about the price, in which case it would appear that defendant retained a bill for the work, without objection, for such a time as to establish an admission and acquiescence in the price charged.

---

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.